# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

PAUL JASON ALBERT, #24872-034,   :

    Plaintiff,                         :

vs.                                :   CIVIL ACTION 09-0465-CG-C

WILLIAM S. TAYLOR, et al.,         :

    Defendants.                        :

## REPORT AND RECOMMENDATION

Plaintiff, a federal pretrial detainee at the Baldwin County Corrections Center ("jail"), proceeding pro se and in forma pauperis, filed a complaint containing Bivens[1] and § 1983 claims on the Court's § 1983 complaint form. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims are either frivolous or fail to state a claim upon which relief can be granted.

---

[1] A Bivens action is the federal counterpart to a § 1983 action, Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995), which may be pursued by a person whose constitutional rights have been violated by a federal official when no special factors counseling hesitation are present. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). The law applied in a Bivens action is generally the law used in § 1983 actions. Abella, 63 F.3d at 1065.

## I. Complaint (Doc. 10).[2]

Plaintiff, who is in the custody of the United States Marshal ("USM"), is complaining about the conditions of his confinement at the jail, which has a contract with the USM to provide housing for persons in the USM's custody. Plaintiff alleges that the standards at the jail are supposed to be comparable to the Bureau of Prisons' standards, but they are not. Plaintiff claims that the jail "house[s federal inmates] in substandard living conditions, [gives] in-adequate medical care, denies request for religious practices, denies access to legal books, limits access to the courts, negligently disregards legitimate requests for medical care, and to see qualified medical personnel[.]" (Doc. 10 at 3-4). Grievances are ignored, never granted or investigated, and when they are answered, the responses are generic, and appeals are never answered. (Id. at 4).

Because the general description of plaintiff's claims (id.) is brief, they are set out below.

> I am a Jewish inmate whom has asked to be allowed to practice his religion, have religious books, and observe a religious diet (kosher)-
>
> I have asked to be allowed access to the Law Library – one grievance was answered – "Consult your attorney"
>
> My letters to the U.S. Marshals Service are never answered, therefore no relief is forthcoming.

---

[2] The complaint before the Court is a superseding amended complaint, which plaintiff was ordered to file because his original complaint was illegible. (Doc. 9).

> Ed Eversman, Supervisory Deputy United States Marshal, has only forced the Baldwin County Corrections Center to provide hearing aid batteries, due to the Center refusing to provide them.
>
> My other medical care is ignored.
>
> I am limited on my food items due to severe food allergies which require hospitalization when in[g]ested-They require Epi-Pen injection of Epinepherine – which if not received within a short amount of time, Anaphylactic shock will kill me.
>
> I am allergic to food items that are served regularly on the diet here at the Baldwin County Corrections Center.
>
> . . . .
>
> Verbal assaults, Mental Abuses, Physical Abuses are all common practice at the Baldwin County Corrections Center. Threats by staff, enforcement of rules that are not policy, and intimidation for the good faith use of the grievance procedure are all common practice.
>
> I have life threatening medical conditions that I feel can only be dealt with by trained medical professionals. They let a man die in here, he begged all night long for his life – they let him die. I do not want to be another victim-

(Id. at 4 - 5).

Plaintiff's specific claims against each defendant are as follows. William S. Taylor, United States Marshal for the Sothern District of Alabama, failed to provide adequate care to inmates in his custody and adequate supervision to contract facilities. Defendant Taylor was informed by U.S. Attorney David Goldberg that plaintiff's life was in danger and was given the option of sending plaintiff to a federal facility, but defendant Taylor refused. (Id. at 6).

Ed Eversman, a supervisory deputy United States Marshal, is charged with failing "to provide adequate supervision to contract facilities and inmates in his care." Goldberg

3

advised defendant Eversman of a credible threat on plaintiff's life, but he ignored the "calls." (Id.).

Huey Mack, Sheriff of Baldwin County, Alabama, is alleged not to have provided adequate care to federal inmates in his care. Defendant Mack is also being held responsible by plaintiff for his officers ignoring the appeals to grievances. (Id. at 6, 8).

Arthur L. Byrne, Major/Commander of Corrections, allegedly failed to respond to grievances and to provide adequate housing. (Id. at 7). Inmates in his care are denied "adequate cleaning supplies, proper ventilation, religious practices, denial of recreation, proper diet[.]" (Id.). He also does not address grievances but refers them to other departments where they are not answered. (Id.).

James Bennett, captain-corrections, failed "to provide adequate care, housing, practice of religion, commissary, security and contractual obligations," and to address the substance of the grievances in his answers to the grievances. (Id.).

For relief, plaintiff seeks an order sending him to a federal facility, directing the USMl never to be allowed to hold or detain him in a contract facility, requiring each defendant to contribute $100,000 to the Anti-Defamation League, and awarding compensatory and punitive damages by a jury. (Id. at 9).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the

4

amended complaint (Doc. 10) under 28 U.S.C. § 1915(e)(2)(B).[3] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965,

---

[3]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III. Discussion.

In screening plaintiff's claims, the Court finds that their factual content is insufficient. His factual allegations are "an unadorned the-defendant unlawfully-harmed-me accusation[,]" which is not permissible. Iqbal, __U.S. at ___, 129 S.Ct. at 1949. And the underlying claims are not even directed to a person who may have actually committed the complained of act, but instead are directed to persons in supervisory positions, and are not associated with an injury. The lack of facts prevents the Court from concluding that

the claims are facially plausible because the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, ___ U.S. at ___, 129 S.Ct. at 1948, and cannot find that his claims are a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).

### A. Grievance Claims.

With the foregoing in mind, the Court will address each of plaintiff's claims in turn. Many of plaintiff's claims concern the lack of response to his grievances and the lack of corrective action. In order to state a claim under Bivens and § 1983, there must be a violation of a right arising under the Constitution or federal law. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); see Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (the federal pretrial detainee's Bivens and § 1983 claims about the jail's conditions were reviewed for a violation of the Constitution, not for a violation of the Bureau of Prisons' standards). However, a constitutional or federal right to a grievance system while in jail does not exist. Baker v. Rexroad, 159 Fed.Appx. 61, at ** 1 (11th Cir. 2005) (unpublished opinion) (agreeing with other Circuits that grievance proceedings are not constitutionally mandated),[4] cert. denied, 549 U.S. 840

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

(2006); see Adams v. Rice, 40 F.3d 72, 75 (4th Cir.) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."), cert. denied, 514 U.S. 1022 (1995); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) ("There is no legitimate claim of entitlement to a grievance procedure."), cert. denied, 488 U.S. 898 (1988); Chapman v. Louisiana Corr. Servs., 2010 WL 1929859, at *4 (S.D. Ala. Apr. 6, 2010) (The law is settled that there is no constitutional right to receive a response to a grievance.). Inasmuch as no right to a grievance system exists, plaintiff's grievance-related claims are frivolous.

### B. Access-to-Courts Claim.

Plaintiff also complains of being denied legal books, being given limited access to courts, and being told to consult his attorney in response to his request for access to the law library. Even though these allegations are deficient, it nonetheless appears that plaintiff is attempting to bring a denial of access-to-courts claim. This claim is not connected to specific defendants and, for this reason alone, this claim fails to state a claim upon which relief can be granted. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (a plaintiff must establish a causal connection between a defendant's actions, orders, customs, and policies and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action).

Turning to the substantive aspects of an access-to-courts claim, in Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court ruled that an inmate must show that he has suffered an injury in order to have standing to bring a claim

8

for denial of access to courts in a § 1983 action. Id. at 349, 116 S.Ct. at 2179. To establish this injury the inmate must show that he has been frustrated or impeded in the prosecution of his conviction's direct appeal, habeas petition, or civil rights action implicating a basic constitutional right[5] and that this underlying action was nonfrivolous. Id. at 353-54, 116 S.Ct. at 2181-82. The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187, 151 L.Ed.2d 578 (2002). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355, 116 S.Ct. at 2182.

In the present action, plaintiff's allegations concerning this claim are extremely vague and conclusory. As a result of this pleading deficiency, plaintiff's allegations do not identify a specific nonfrivolous action in which he has been injured or will be injured, nor is an injury identified. In fact, no reason is given for plaintiff's need for a law library or legal books. Plaintiff has, therefore, failed to establish that he has suffered a harm or will suffer a harm of the type described in Lewis v. Casey, supra, so as to have standing to bring an access-to-courts claim. Accordingly, plaintiff has failed to state a claim for the denial of access to the courts. Moore v. Plaster, 266 F.3d 928, 933 (8th Cir.)

---

[5]The Eleventh Circuit in Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998), interpreted this statement to include "direct or collateral appeals" of criminal convictions.

(affirming the dismissal of access-to-courts claims because plaintiff made no showing the dismissed underlying actions were nonfrivolous), cert. denied, 535 U.S. 1037 (2002).

### C. Living Conditions Claim.

Plaintiff complains the living conditions at the jail are substandard. This claim could be an umbrella-type claim for all of his complaints in this action because the claim lacks supporting facts. However, near the end of plaintiff's allegations, he directs a claim to defendant Byrne for denial to "inmates" of "adequate cleaning supplies, proper ventilation, religious practices, denial of recreation, proper diet," and to defendant Bennett for inadequate "care, housing, practice of religion, commissary, security and contractual obligation." (Doc. 10 at 7).

Notwithstanding plaintiff's complaints, the Constitution does not require that places of incarceration be comfortable. Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 2401, 69 L.Ed.2d 59 (1981). All that is required is that the State furnishes "its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.), rev'd in part sub nom. Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978);[6] see Helling v. McKinney, 509 U.S. 25, 32, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993);

---

[6] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

10

Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096 (1986). Because a pretrial detainee has not been convicted, his claim arises under the Fourteenth Amendment; whereas, the Eighth Amendment protects the convicted prisoner. Id. at 1572-73; Marsh v. Butler County, Ala., 268 F.3d 1014,1024 n.5 (11th Cir. 2001). However, the standard for claims based on the lack of basic necessities of food, living space, and medical care is the same under either amendment. Hamm, 774 F.2d at 1574. For the purposes of this recommendation, reference will be made to the Eighth Amendment because most cases have been decided under the Eighth Amendment.

In order to prevail on an Eighth Amendment inhumane conditions of confinement claim, an inmate must satisfy an objective component and a subjective component. Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 1983, 128 L.Ed.2d 811 (1994). The objective component requires the Court to look to "contemporary standards of decency," to determine whether the challenged condition resulted in a deprivation of "the minimal civilized measure of life's necessities," Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399, or, at a minimum, of a "single human need[.]" Wilson v. Seiter, 501 U.S. 294, 305, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991); see Jordan v. Doe, 38 F.3d 1559, 1565 (11th Cir. 1994). Moreover, the challenged condition must be "extreme . . . [b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992)

(citations and quotation marks omitted). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Wilson, 501 U.S. at 305, 111 S.Ct. at 2327; Jordan, 38 F.3d at 1564.

In the present action, plaintiff's conclusory, unsupported allegations of "denial of adequate cleaning supplies, proper ventilation, . . . recreation, proper diet, . . . commissary, security, and contractual obligations" fail to present a deprivation of a single human need or of the minimal civilized measure of life's necessities and do not have the plausibility necessary for the Court to find a deprivation of a single human need or of the minimal civilized measure of life's necessities. (Doc. 10 at 7). "Indeed routine discomfort is part of the penalty prisoners may pay for their offenses, and prisoners cannot expect the 'amenities, conveniences, and services of a good hotel." Williams v. Berge, 102 Fed.Appx. 506, 507 (7th Cir. 2004) (citation omitted) (unpublished). Because the objective component has not been satisfied, plaintiff has failed to state a claim based on his conditions of confinement. See Chandler v. Crosby, 397 F.3d 1278, 1297 (11th Cir. 2004) (declining to discuss the subjective component when the inmate failed to meet his burden on the objective component).

**D. Medical Care Claim.**

Plaintiff complains that he received inadequate medical care, was denied "legitimate requests for medical care, and to see qualified medical personnel[,]" and received hearing aid batteries only due to the USM's insistence, but his other medical

care was ignored even though he has unspecified, life- threatening medical conditions. (Doc. 10 at 3-5). These allegations are extremely conclusory for a medical care claim, and they lack the facial plausibility necessary for demonstrating that a defendant was deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Thus, plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff also asserts that he is severely allergic to certain unspecified foods which are served regularly at the jail. This claim is not connected to a doctor or other medical personnel, nor is it connected to an official who is responsible for coordinating or serving special diets. Considering these factors and the lack of factual support, the Court finds that plaintiff has failed to state a claim that is plausible and thus he has failed to state a claim upon which relief can be granted. See Zatler, 802 F.2d at 401 (a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action).

### E. Religion Claim.

In regard to his religion, plaintiff, who is Jewish, "asked to be allowed to practice his religion, have religious books, and observe a religious diet (kosher)." (Doc. 10 at 4). But the jail "denies [federal inmates'] request for religious practices[.]" (Id. at 3-4). Defendant Byrne allegedly fails to respond to grievances about a "religious diet" and the

"practice of religion," and denies "religious practices." (Id. at 7). Defendant Bennett also has failed to provide the "practice of religion." (Id.).

Plaintiff's allegations concerning a denial of his right to exercise his religion are sparse and conclusory, lacking specific facts to show a plausible claim for a violation of this right. In other words, his allegations do not "possess enough heft to 'sho[w] that the pleader is entitled to relief[,]'" Twombly, 550 U.S. at 557, 127 S.Ct. at 1966, as they are no more than "an unadorned the-defendant unlawfully-harmed-me accusation." Iqbal, __U.S. at ___, 129 S.Ct. at 1949. Accordingly, the Court finds that plaintiff has failed to state a claim upon which relief can be granted. Cf. Brunskill v. Boyd, 141 Fed. Appx. 771, at **3 (11th Cir. 2005) (finding that the plaintiff failed to rebut defendants' position that "despite the denial of [plaintiff's] request, he [was] allowed to practice his religion through alternative means"); Jackson v. Ellis, 2008 WL 89861, at *5 (N.D. Fla. Jan. 7, 2008) (finding that the Muslim plaintiff failed to state a claim by failing to allege that defendants' practices placed a substantial burden on his religious practices in that he did not allege that he could not satisfy his religious practices through other means).

**F. Threat Claim.**

Plaintiff complains that defendants Taylor and Eversman were informed by U.S. Attorney David Goldberg that plaintiff's life was in "jeopardy," but defendant Taylor refused to move plaintiff to a federal facility and they refused to take Goldberg's calls. No other facts are offered to support this claim. These conclusory and general allegations do not reflect a plausible claim for a violation of the Constitution. In other words, his

allegations do not "possess enough heft to 'sho[w] that the pleader is entitled to relief[,]'" Twombly, 550 U.S. at 557, 127 S.Ct. at 1966. Accordingly, plaintiff has failed to state a claim upon which relief can be granted.

### G. Supervisor Claims.

All of the persons named as defendants function in the capacity of a supervisor, all of the time or most of the time. Defendants Taylor and Eversman are alleged to have failed to provide adequate supervision to contract facilities and defendant Taylor is alleged to not have provided adequate care to inmates in his custody. Defendant Mack allegedly failed to provide adequate care to federal inmates. Defendants Byrne and Bennett are sued for, among other things, the failure to provide adequate housing or care.

"Like municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of respondeat superior." Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985) (quotation omitted) (equating the position of a supervisor to a municipality which may have liability imposed through its customs or policies, but not through an employee's actions). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.), cert. denied, 500 U.S. 933 (1991); cf. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (ruling that a municipality cannot be held liable in a § 1983 action under the theory of respondeat superior simply because it employs a tortfeasor). Where

15

the supervisor personally participates in the deprivation or there exists a causal connection between the deprivation and the official's actions, such as a custom, policy, or failure to supervise, liability may be imposed. Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009).

In the present action, no deprivation of a constitutional right has been found by the Court, as has been discussed heretofore. However, such a deprivation is necessary for imposing liability on a supervisor. An inquiry into a supervisor's actions is appropriate only when a constitutional deprivation has occurred. Cf. Rooney v. Watson, 101 F.3d 1378, 1381 (11th Cir.) ("the inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred."), cert. denied, 522 U.S. 966 (1997); see City of Los Angeles v. Heller, 475 U.S. 796, 798, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quirt beside the point.")." Thus, plaintiff has failed to state a claim for supervisory liability against defendants.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims are either frivolous or fail to state a claim upon which relief

can be granted.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 28th day of September, 2010.

      S/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND

## FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).